**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
NICOLE MCAULEY *et al.,*

                                Plaintiffs,

                  -against-

THE HONEY POT COMPANY, LLC,

                              Defendant.
---------------------------------------------------------------X

                                  **ORDER**

                            **23-CV-1986 (AT) (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On November 1st, the Court held a discovery conference to address several discovery disputes.

The Plaintiffs sought a Local Civil Rule 37.2 conference to compel the production of various items that the Defendants have asserted are either "not relevant to this case" or are "unduly burdensome". Dkt. Nos. 51 and 53. Defendants, on the other hand, request a stay of all discovery until the pending Motion to Dismiss is resolved. Dkt. No. 53.

First, "although discovery may be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic." Boelter v. Hearst Commc'ns, Inc., No. 15 CIV. 03934 (AT), 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016). Moreover, the Defendants previously requested "an adjournment of the proposed Case Management Plan and Scheduling Order until after the Court considers Honey Pot's Motion to Dismiss," but Judge Torres denied that request. See Dkt. No. 17. "When a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." See Carroll v.

Trump, 2023 WL 5017230, at *8 (S.D.N.Y. Aug. 7, 2023)(Kaplan, J.) *citing* Pepper v. United States, 562 U.S. 476, 506 (2011)(defining the law of the case doctrine). Therefore, the request to stay discovery while the Motion to Dismiss is decided is DENIED.

Second, the Defendants objected to Plaintiffs' RFP 30 for "DOCUMENTS sufficient to show ALL (past and present) contracts with third-party suppliers or manufacturers involved in the manufacturing, marketing, or sale of the FEMININE CARE WASH PRODUCTS." Defendants' position is that "manufacturing information is not relevant to Plaintiffs' allegation that cleansing products are not suitable for the vulva." Dkt. No. 45. According to the Defendants, the "entire suit is based on the contention that women should wash their vulva with only water and that no product to cleanse the vulva should exist." Dkt. No. 45. Defendants argue that "because Plaintiffs' theory is that there are no circumstances where Honey pot products can be used on the vulva because they consist of more than water, the identity of …suppliers or manufacturers…has no bearing whatsoever on anything having to do with the case." Dkt. No. 45. Plaintiffs counter that Defendants will almost certainly argue that "the Products are manufactured such that they are specifically suitable for use on the vulva." They claim that Rule 26(b)(1) permits discovery that is relevant to any party's "claim *or defense*." (Emphasis Added).

Most courts in the district confronting the question have concluded that discovery is not available for "anticipated defenses" that have not yet been pled.

In <u>Lifeguard Licensing Corp. v. Kozak,</u> No. 15-CV-8459(LGS)(JCF), 2016 WL 3144049, at *1 (S.D.N.Y. May 23, 2016), the Court held that "[j]ust as a plaintiff may not take discovery regarding unpled claims, so a defendant is precluded from seeking discovery concerning unpled defenses…the plain language of the Rule does not provide for discovery of "likely," "antcipated," or "potential" claims or defenses." Judge Francis reached the same conclusion in <u>Mortg. Resol. Servicing, LLC</u> <u>v. JPMorgan Chase Bank, N.A.</u>, No. 15-CV-0293(LTS)(JCF), 2017 WL 2889501, at *1 (S.D.N.Y. July 6, 2017). Similarly, the Court in <u>Town & Country Linen Corp. v. Ingenious Designs LLC</u>, No. 18-CV-5075 (LJL), 2020 WL 3472597, at *10 (S.D.N.Y. June 25, 2020), approvingly cited <u>Lifeguard</u>, ruling that "[a]s a court in this District noted, there are sound reasons for limiting discovery to claims that have been pled...Rule [26(b)(1)] does not provide for discovery of 'likely,' 'anticipated,' or 'potential' claims or defenses." <u>But</u> <u>see</u> <u>In re Honeywell</u> <u>Int'l, Inc. Sec. Litig.</u>, 230 F.R.D. 293, 302 (S.D.N.Y. 2003)(holding that documents relating to public accountant's independence vis-a-vis its engagements with corporation were relevant to a possible defense by the corporation, "[the requested documents] are clearly relevant to a possible Honeywell defense.").

The commentary to the 2015 Amendments to Rule 26(b)(1) notes that "a party claiming that a request for discovery is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as the party understands them." <u>See</u> Fed. R. Civ. P. 26, *Advisory Committee's Note to 2015 Amendments*, FEDERAL CIVIL JUDICIAL PROCEDURE AND RULES, Rev. Ed. (2023)

at 155. This policy factor for directing litigants to confer is relevant to the question of anticipated defenses as well. Even if the defense is likely to be raised, it is very difficult for the Plaintiffs to articulate exactly how the Defendant intends to make the argument that the products at issue were manufactured specifically for the intended use. Without knowing how the Defendant will make this anticipated argument, it is impossible to know what discovery the Plaintiffs would need to attack the anticipated argument.

Therefore, SDNY case law and the policy purpose behind Rule 26 both suggest that a request for discovery related to an anticipated argument is best denied without prejudice. If the defense is eventually actually made, then a request for such discovery could be entertained. Therefore, Plaintiffs' Requests for Production Nos. 23, 24, and 30 are DENIED, but without prejudice. After the Defendants submit an Answer, the Plaintiffs may submit a renewed request.

Third, in RFPs 2 and 15, the Plaintiffs seek "total net sales" and "any refunds". Defendants object that this discovery would be premature. Clearly, sales and refund information would be relevant to questions of numerosity under Rule 23 and potential damages. See Goldemberg v. Johnson & Johnson Consumer Companies, Inc., 317 F.R.D. 374, 398 (S.D.N.Y. 2016)(Román, J) ("Courts may find numerosity of a proposed class on…high sales figures.") *citing* Belfiore v. Procter & Gamble Co., 311 F.R.D. 29 (E.D.N.Y. 2015)("numerosity is obvious" where millions of units were sold in New York); Haag v. Hyundai Motor Am., 330 F.R.D. 127 (W.D.N.Y. 2019)(using sales records to find numerosity); Garner v. Amazon.com,

Inc., No. C21-0750 (RSL), 2022 WL 16744319 (W.D. Wash. Nov. 7, 2022)(Lasnik, J.)(permitting "document requests aimed at discovery relevant to class certification and/or damages, particularly the number of Alexa devices sold…"); Hawkins v. Kroger Co., 337 F.R.D. 518 (S.D. Cal. 2020)(using total sales figures to determine numerosity under Rule 23).  Given that the request for a stay has already been rejected, this request is not premature and is thus GRANTED.

Fourth, Defendants also objected in their letters to RFPs 6-11 related to pricing strategy and the price elasticity of supply. At the conference, the Parties informed the Court that they already responded to requests for RFPs 8-11. Therefore, any dispute on RFPs 8-11 is now moot.

With respect to RFPs 6 and 7, Defendants objected to the request for pricing information on the grounds that Plaintiffs' central argument alleges that the products should not have been sold at all, so the appropriate damages would be a full refund, not merely the return of a premium. Thus, Defendants reason, the finer details of how Defendants price their products is irrelevant to any damages calculation. Defendants are correct: if the Plaintiff were only seeking a full refund, then discovery requests for pricing strategies would likely be irrelevant. However, in the Amended Complaint, the Plaintiffs claim, "Class Members would not have paid as much for the Products but for Defendant's misrepresentations regarding the Products' suitability as feminine care foaming washes for vulvar use, and but for Defendant's omissions that the Products are not suitable as feminine care washes for vulvar use." Dkt. No. 30, para. 48. Therefore, even if the central argument is that

5

the products should not have been sold at all, Plaintiffs did, in fact, plead a theory of damages based on a price premium. Therefore, the discovery requests for documents relating to pricing strategies are relevant.

At the conference, the Parties requested time to negotiate the exact search terms and scope of RFPs 6 and 7. **Therefore, the Parties shall have until November 15th to confer and submit a joint letter updating the Court as to whether any disputes remain with respect to RFPs 6 and 7**. No ruling is required on RFPs 8-11 as there is no longer a dispute.

Fifth, in their letters, the Defendants objected to RFPs 12 (consumer complaints) and 13 (internal documents relating to external complaints) on the grounds that the requests were overly broad and unduly burdensome. At the conference, the Parties informed the Court they had reached an agreement to narrow the scope of RFP 12.   Thus, no ruling is necessary on RFP 12.

With respect to RFP 13, after some discussion, the Court noted that consumer complaints and internal documents relating to external complaints are relevant, but that the requests as currently worded are overly broad. The Parties agreed to confer on a newly phrased request and to **provide the Court with a status update by November 15th as to whether any disputes remain with respect to RFP 13**.

Finally, the Defendant is directed to request a transcript of the proceedings and file it on the docket.

SO ORDERED.

DATED:     New York, New York
           November 3, 2023

_____
JENNIFER E. WILLIS
United States Magistrate Judge