```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _03/01/2024_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
NICOLE MCAULEY and JESSICA WRIGHT,
individually and all others similarly situated,

                      Plaintiffs,

-against-                        23 Civ. 1986 (AT)

THE HONEY POT COMPANY, LLC,           **ORDER**

                      Defendant.

ANALISA TORRES, District Judge:

Plaintiffs, Nicole McAuley and Jessica Wright, bring this putative class action to challenge the advertising of feminine care foaming washes (the "Products") manufactured and sold by Defendant, The Honey Pot Company, LLC ("Honey Pot"). Plaintiffs allege (1) violations of New York General Business Law §§ 349 and 350, (2) breach of express warranty, (3) unjust enrichment, and (4) fraud. *See* Am. Compl., ECF No. 30. Honey Pot moves to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). Def. Mot., ECF No. 37; *see also* Def. Mem., ECF No. 38. For the reasons stated below, Honey Pot's motion is GRANTED.

## BACKGROUND

I.    Factual Background[1]

Honey Pot, a Georgia limited liability company, manufactures and sells the Products, which include four types: normal, sensitive, cucumber aloe, and bergamot rose. Am. Compl.

---

[1] The following facts are taken from the amended complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim," *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015), and for considering a motion to dismiss for lack of standing, *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010).

¶¶ 12, 34–35.  The labels of the Products state that they are "feminine care" products to "wash intimate parts" (the "Label Statements").  Am. Compl. ¶ 36.



*Id.*  On its website, Honey Pot states that the company is "gynecologist-approved," that "[y]our vulva hygiene routine should include cleansing daily with . . . cleanser," and that the Products include "safe, high-quality formulas down to the last drop" (the "Website Statements").  *Id.* ¶¶ 37–38, 46.  Plaintiffs claim that, through the Label and Website Statements (together, the "Statements"), Honey Pot represents that "women should use these products on their vulva."  *Id.* ¶ 6.

Plaintiffs claim that the Statements are false and misleading because "feminine hygiene products like Defendant's are not only unsafe for vulvar use because the ingredients in the Products can cause infections and make women more susceptible to disease, [but also] the Products are unnecessary because the vagina and vulva are self-cleaning."  *Id.* ¶ 47.  In support of their claim:

- Plaintiffs cite five medical sources stating that the vulva need only be cleaned with warm water.  *Id.* ¶ 22.

- Plaintiffs allege—based on advice from the American College of Obstetricians and Gynecologists, the Mayo Clinic, and one study—that the use of soaps or chemicals within the vagina can "cause irritation or alter sex organs' self-regulating eco-system."  *Id.* ¶¶ 24–25.

- Plaintiffs cite a 2013 report by Women's Voices for the Earth identifying certain ingredients in feminine hygiene products that "cause allergic rashes, release formaldehyde (which can cause cancer), inhibit the growth of healthy vaginal bacteria, and act as endocrine disruptors." *Id.* ¶ 27.

- And, Plaintiffs cite a *New York Times* article in which a gynecologist stated that "[f]ragrance is [] the No. 1 cause of allergic contact dermatitis . . . [a]nd while not everyone may experience a reaction, or react immediately, experts said that certain health issues can emerge after prolonged use." *Id.* ¶ 41.  Plaintiffs note that each of the Products contains either "flower water," "fruit water," or "fragrance." *Id.* ¶ 42.

Plaintiffs each bought a Product, the sensitive foaming wash, from Target—McAuley on November 7, 2021, and Wright in September 2022. *Id.* ¶¶ 8–10.  They did so in reliance on the Statements.  *Id.* ¶¶ 8, 10.  Plaintiffs claim that they were injured by paying a "substantial price premium" because of the representation that the "product is suitable as a feminine care wash for the vulva," and not receiving the benefit of the bargain.  *Id.* ¶¶ 8, 10.

## DISCUSSION

I.  Rule 12(b)(1)

A.  Legal Standard

Under Rule 12(b)(1), a district court must dismiss a complaint if the plaintiff has not established standing.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  "At the pleading stage, [p]laintiffs have the burden of alleging facts that affirmatively and plausibly suggest that they have standing to sue."  *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 154 (E.D.N.Y. 2018) (cleaned up) (citing *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016)).  For a plaintiff to have standing to bring a lawsuit under Article III of the United States Constitution, "(1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision."  *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (citation omitted).  This jurisdictional question must be resolved before the merits.  *Cortlandt St.*

3

*Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 417 (2d Cir. 2015). "Because standing is challenged here on the basis of the pleadings, [the Court] therefore accept[s] as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010) (cleaned up).

    B.  Analysis

The injury-in-fact requirement is a "low threshold" and can be satisfied at the pleading stage with "general factual allegations of injury." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) (citations omitted). Plaintiffs can demonstrate an injury-in-fact by showing that they "purchased products bearing allegedly misleading labels and sustained financial injury—paying a premium—as a result." *Axon v. Fla.'s Nat. Growers, Inc.*, 813 F. App'x 701, 703–04 (2d Cir. 2020). Plaintiffs claim that they purchased the Products because of Honey Pot's representation that they are suitable as feminine care washes for the vulva—a claim that Plaintiffs allege is false. Am. Compl. ¶¶ 8, 10, 22. "Such an allegation that a plaintiff would not have purchased a product or would not have paid the same amount comfortably satisfies the injury-in-fact prong of Article III standing." *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) (collecting cases). Plaintiffs' failure "to identify the prices of competing products to establish the premium that [they] paid is not fatal" at the motion-to-dismiss stage. *Axon*, 813 F. App'x at 704.

Accordingly, Defendant's motion to dismiss for lack of standing is denied.

II.    <u>Rule 12(b)(6)</u>

    A.  Legal Standard

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555.  The court must accept the allegations in the complaint as true and draw all reasonable inferences in the non-movant's favor.  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

B.  New York General Business Law §§ 349 and 350

To state a claim for a violation of New York General Business Law §§ 349 or 350, a plaintiff must allege that a defendant engaged in consumer-oriented conduct that was materially misleading and that the plaintiff suffered an injury as a result.  *See Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015); *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 802 (S.D.N.Y. 2021).  For a practice to be deceptive or "materially misleading," a plaintiff must show that it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Orlander*, 802 F.3d at 300 (citation omitted).  "The reasonable consumer analysis focuses on the precise representations made . . . , and the context and specificity of representations . . . are relevant to the inquiry." *Vazquez v. Walmart, Inc.*, No. 22 Civ. 6215, 2023 WL 8257999, at *2 (S.D.N.Y. Nov. 29, 2023).  It is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (per curiam).

Plaintiffs argue that the Statements are deceptive because Honey Pot represents that the Products are "suitable for vulvar use," when—according to Plaintiffs—they are not.  Pl. Opp. at 7–9, ECF No. 44.  Honey Pot contends that Plaintiffs have not shown (1) that they saw or relied on the Website Statements, or (2) that the Statements are false or misleading.  Def. Mem. at 15.

As an initial matter, to allege causation under the New York General Business Law, a plaintiff must state in her complaint that she saw the relevant misleading statements before she purchased the products. *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 480 (S.D.N.Y. 2014). Plaintiffs describe in particular the Statements, and allege that they "saw these representations prior to and at the time of purchase." Am. Compl. ¶¶ 8, 10. "The reasonable inference to be drawn from these allegations . . . is that Plaintiff[s] saw the [] website described previously in the [c]omplaint." *Goldemberg*, 8 F. Supp. 3d at 480. Therefore, the Court shall consider both the Label and Website Statements.

Plaintiffs contend that the Statements are false and misleading because they claim, based on articles cited in the amended complaint, that the Products are unsuitable for use on the vulva. However, Plaintiffs' cited articles do not support their claim. *See Housey v. Procter & Gamble Co.*, No. 21 Civ. 2286, 2022 WL 874731, at *5–6 (S.D.N.Y. Mar. 24, 2022), *aff'd*, 2022 WL 17844403 (2d Cir. Dec. 22, 2022) ("Where a plaintiff has chosen to use scientific evidence to state her claims, and that evidence does not support her claims, plaintiff has not plausibly pled her claims.").[2]

Plaintiffs first point to five articles that state that warm water is sufficient to cleanse the vulva. Am. Compl. ¶ 22. Plaintiffs cite only one statement that implies that the Products are necessary for proper vulva care, rather than optional: the Website Statement that the "vulva hygiene routine *should* include" cleanser. *Id.* ¶ 38 (emphasis added). Plaintiffs' articles do not sufficiently support the inference that the Website Statement is false or misleading. First, none of the cited articles specifically discuss the Products. And, although the articles discourage the

---

[2] The Court is "mindful that issues of fact, credibility, and the weight of the evidence are not properly considered on a motion to dismiss, and the Court has not considered them here." *Kardovich v. Pfizer, Inc.*, 97 F. Supp. 3d 131, 140 (E.D.N.Y. 2015). Rather, the Court considers whether the "scientific materials presented by [P]laintiffs . . . undercut [Honey Pot's] [S]tatements." *Id.* at 137–38.

use of soap on the vulva, Plaintiffs have not plausibly alleged that the Products are equivalent to the soaps discussed by the articles.  The Products are advertised as "feminine washes" and "cleanser[s]," and Plaintiffs offer no factual details about the Products' ingredients (beyond their inclusion of "scent[s] or fragrance[s]") or practical effects.  Am. Compl. ¶¶ 38–39, 41; *see Gordon v. Target Corp.*, No. 20 Civ. 9589, 2022 WL 836773, at *10 (S.D.N.Y. Mar. 18, 2022) ("Plaintiff's allegations that the . . . industry as a whole deceives consumers do not satisfy Plaintiff's burden to allege that a specific advertisement or statement by Defendant would mislead a reasonable consumer as to the Product."); *Housey*, 2022 WL 874731, at *7 ("[P]laintiff has not submitted any evidence that the [toothpastes at issue] are harmful or demonstrated that the studies are even applicable to the type or form of charcoal present in the challenged toothpastes.").  The Court cannot conclude that the articles' broad cautions about soaps render Honey Pot's more specific Website Statement false or misleading.

Plaintiffs then claim that, although the Statements imply that the Products are safe for use on the vulva, the Products are harmful.  Am. Compl. ¶¶ 24–26.  But, again, the articles Plaintiffs cite are too broad to support their claim or "undercut" the Statements.  *Kardovich*, 97 F. Supp. 3d at 138.  Plaintiffs first cite three articles that claim that using soaps "*inside* the vagina" is harmful.  Am. Compl. ¶¶ 24–25 (emphasis added).  These articles are inapposite: Plaintiffs do not allege that Honey Pot advertised the Products for use within the vagina and, indeed, state only that Honey Pot advertised the Products for use on the vulva.  *Id.* ¶ 6.  Plaintiffs then point to a 2013 report that found that certain ingredients in feminine hygiene products can be harmful, *id.* ¶¶ 26–27—but, they do not claim that the Products contain any of these ingredients.  Finally, Plaintiffs cite a gynecologist quoted in a *New York Times* article for the proposition that the presence of "fragrance" may cause "certain health issues" to "emerge after prolonged use."  *Id.*

7

¶ 41. Only one type of Product—the bergamot rose wash—contains "fragrance." *Id.* ¶ 42; *cf. Truss v. Bayer Healthcare Pharms.*, No. 21 Civ. 9845, 2022 WL 16951538, at *5–6 (S.D.N.Y. Nov. 15, 2022) (dismissing a false-advertising claim based on the allegedly undisclosed presence of an allergenic substance when the allergic qualities of the compound varied based on the type and plaintiffs failed to "identify which [type] is in the Product"). A single equivocal quotation from a gynecologist is insufficient to "raise plausible inferences" that the Statements are untrue or materially misleading. *Kardovich*, 97 F. Supp. 3d at 141.

Plaintiffs, therefore, have failed to show that the Statements are likely to deceive or mislead a reasonable consumer, and their claims under the New York General Business Law are dismissed.

### C. Remaining Claims

The remainder of Plaintiffs' claims—breach of express warranty, fraud, and unjust enrichment—"also fail, as they all require proof that the product labeling, taken as a whole, is deceptive." *Vazquez*, 2023 WL 8257999, at *5; *see DiBartolo v. Abbott Lab'ys*, 914 F. Supp. 2d 601, 625 (S.D.N.Y. 2012) (for breach of express warranty, requiring an "affirmation of fact or promise" that is "false or misleading when made"); *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997) (for fraud, requiring "a material misrepresentation or omission of fact"); *Axon*, 813 F. App'x at 706 (dismissing an unjust-enrichment claim for failing to allege a fraud that would render the enrichment unjust). Because the Court has determined that the complaint does not adequately allege Honey Pot engaged in deceptive conduct, these claims are also dismissed.

D.  Leave to File Motion to Amend

Plaintiffs have requested leave to amend. Pl. Opp. at 25. "Leave to amend, though liberally granted, may be properly denied for repeated failure to cure deficiencies by amendments previously allowed or futility of amendment, among other reasons." *Esquibel v. Colgate-Palmolive Co.*, No. 23 Civ. 742, 2023 WL 7412169, at *4 (S.D.N.Y. Nov. 9, 2023) (quotation marks and citation omitted). "Still, there is a particularly strong preference for allowing amendment 'when the plaintiff has not had the benefit of a court ruling with respect to the deficiencies of its pleading.'" *Id.* (quoting *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, 473 F. Supp. 3d 361, 365 (S.D.N.Y. 2020)). Although Plaintiffs already amended their complaint once after Defendants alerted them to the potential deficiencies in their complaint, Plaintiffs did not previously have the benefit of a Court ruling putting them on notice of these deficiencies. In the interests of justice, Plaintiffs are granted leave to file a motion to amend.

## CONCLUSION

For the foregoing reasons, Honey Pot's motion to dismiss is GRANTED. The deadlines in the amended case management plan, ECF Nos. 49 and 50, are VACATED. By **April 15, 2024**, Plaintiffs may move to amend their complaint.

The Clerk of Court is directed to terminate the motion at ECF No. 37.

SO ORDERED.

Dated: March 1, 2024
        New York, New York

_____
ANALISA TORRES
United States District Judge